1
2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

*FILED JAN – 4 2016 — MARY C. LOEWENGUTH, CLERK — WESTERN DISTRICT OF NY*

3   ANGELO ARENA,
4        **Plaintiff,**
5        v.                                    **CASE NO.**   16 CV 6002 L
6   **TOWN OF PENFIELD, ELYSE VOIGT,**
7   **and KERRY EGERTON,**
8        **Defendants.**

9                                    **COMPLAINT**

10       Plaintiff, Angelo Arena ("Mr. Arena"), alleges and complains against defendants Town of

11   Penfield, Elyse Voigt ("Ms. Voigt"), and Kerry Egerton ("Ms. Egerton"), as follows:

12   **I.    INTRODUCTION**

13       1.    Plaintiff Mr. Arena brings this action as a result of defendants' illegal decision to

14   deny Mr. Arena access to his own public records and the subsequent threats made by defendants

15   against Mr. Arena for pursuing his public records.

16   **II.   RELEVANT LAW**

17       **A.    The First Amendment of the United States Constitution**

18       2.    The United States Supreme Court has consistently recognized that the public and

19   press have a presumptive First Amendment right of access to judicial proceedings in criminal

20   cases.

21       3.    The right to petition government for redress of grievances, inherent in the First

22   Amendment, is the right to make a complaint to, or seek the assistance of, one's government,

23   without fear of punishment or reprisals. The right to petition allows citizens to focus government

24   attention on unresolved ills; provide information to elected leaders about unpopular policies;

25   expose misconduct, waste, corruption, and incompetence; and vent popular frustrations without

26   endangering the public order.

27       4.    The First Amendment is incorporated against all states through the Fourteenth

1    4.      The First Amendment is incorporated against all states through the Fourteenth

2    Amendment of the United States Constitution.

3    **B.      42 U.S.C. § 1983**

4    5.      Congress enacted 42 U.S.C. § 1983 to ensure that every citizen of the United States

5    is entitled to recover in a civil action for the deprivation of "any rights, privileges, or immunities

6    secured by the Constitution and laws," when any person "under color of any statute, ordinance,

7    regulation, custom, or usage" violates such inalienable rights, privileges, or immunities.

8    **C.      42 U.S.C. § 1985**

9    6.      Congress enacted 42 U.S.C. § 1985 to ensure that every citizen of the United States

10   is entitled to recover in a civil action when two or more persons conspire to interfere with a

11   citizen's civil rights.

12   **D.      New York Judiciary Law § 255**

13   7.      The New York State Legislature, taking into account that every citizen has a

14   Constitutionally protected First Amendment right to access court records, enacted New York

15   Judiciary Law § 255, an unambiguous statute, which demands the following:

16   A clerk of a court **must**, upon request, and upon payment of, or offer to pay, the
17   fees allowed by law, or, if no fees are expressly allowed by law, fees at the rate
18   allowed to a county clerk for a similar service, diligently search the files, papers,
19   records, and dockets in office; and either make one or more transcripts or
20   certificates of change therefrom, and certify to the correctness thereof, and to the
21   search, or certify that a document or paper, of which the custody legally belongs
22   him, can not be found. (emphasis added)

23   **E.      New York Uniform Justice Court Act § 2019**

24   8.      This section mandates that "legible and suitable records and dockets of all criminal

25   actions and proceedings" be maintained.

26   **F.      New York Uniform Justice Court Act § 2019(a)**

27   9.      This section requires that "the records and dockets of the court ... shall be at

Complaint                        - 2 -                  Arena v. Town of Penfield, et al.

1    reasonable times open for inspection to the public and **shall be and remain the property of the**

2    **village or town of the residence of such justice.**" (emphasis added)

3         **G.      New York Uniform Justice Court Act § 2103**

4         10.     State law vests in localities themselves the day-to-day supervision, budgeting, and

5    control of Justice Courts. An example of a state law that vest such power in the localities is this

6    section, which states:

7         The administrative board may adopt, amend and rescind rules for the courts
8         governed by this act, not inconsistent with this act or with the CPLR. A copy of the
9         rules shall be available at all times in the office of the clerk of each court governed
10        by this act, and shall be published as directed by the administrative board.

11        Consistent with the home rule powers that towns possess, towns have substantial

12   discretion and flexibility in how they discharge these responsibilities.

13        **H.      New York Uniform Justice Court Act § 2001(2)**

14        11.     Regarding criminal matters in *town courts*, this statute unambiguously states that

15   "the practice and procedure in the court shall be governed by the criminal procedure law." This is

16   also consistent with New York Criminal Procedure Law ("CPL") 10.10, which defines a "town

17   court" as a "criminal court" for the purposes of the CPL. Further, the CPL specifically mandates

18   specific records be maintained from the proceedings. See CPL § 220.50 and CPL § 340.20, for

19   example. § 2001(2) was enacted on September 1st, 1967.

20        **I.      New York Uniform Justice Court Act § 109**

21        12.     The governing town board of each Justice Court's sponsoring town or village

22   determines the employees or non-judicial officers the court has. Specifically, the law states:

23        Each court shall have such non-judicial personnel as may be provided by the
24        municipal board. Their powers and duties in addition to those provided by this act,
25        shall be as provided in the rules.

26        **J.      22 New York Codes, Rules, and Regulations § 214.11(a)**

13. This law states:

Each Town and Village Justice Court shall maintain:
(1) case files containing all papers filed, orders issued, any minutes or notes made by the court of proceedings or testimony, and a copy of any original documents or papers forwarded to another court or agency;
(2) an index of cases with a unique number assigned to each case when filed; and
(3) a cashbook which shall chronologically itemize all receipts and disbursements.

K. **22 New York Codes, Rules, and Regulations § 214.6**

14. This law specifically established the unambiguous powers of the court clerk in a

*town court*. The law states:

The court clerk and one of the deputy or assistant court clerks designated by the clerk are authorized and empowered to administer oaths, take acknowledgments, sign the process or mandate of the court and **certify the records of the court.**" (emphasis added)

L. **New York Town Law § 69**

15. This law states:

Each town board shall provide for each justice of the peace such statutes, manuals, books, forms and supplies as may be necessary for the proper administration of his office. The expenses incurred in complying with the foregoing provisions shall be a town charge within the meaning of this chapter.

M. **New York Criminal Procedure Law §  60.60(1)**

16. The law states:

A certificate issued by a criminal court, or the clerk thereof, certifying that a judgment of conviction against a designated defendant has been entered in such court, constitutes presumptive evidence of the facts stated in such certificate.

III. **JURISDICTION AND VENUE**

17. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1332, and 1343.

1        18.     This Court has supplemental jurisdiction over all other claims that are so related to

2   the claims in this action pursuant to 28 U.S.C. § 1367(a).

3        19.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(1),

4   (b)(2), (c) & (d), because defendants transact significant business within this district and therefore

5   are subject to personal jurisdiction in this district and because a substantial part of the events giving

6   rise to the claims alleged occurred in this district.

7   **IV.   PARTIES**

8        20.     Plaintiff Angelo Arena is a natural-born citizen of the United States of America and

9   a resident of the State of New Jersey.

10       21.     Defendant Town of Penfield was, and is, a municipal corporation authorized under

11   the laws of the State of New York and county of Monroe. As a result of the Town of Penfield being

12   a town, under New York law, the town is responsible for the hiring, training, supervising of non-

13   judicial staff in Penfield Town Court. All court records created in the Penfield Town Court are the

14   property of the Town of Penfield. At all relevant times, the Town of Penfield was and is acting

15   under the color of state law for purposed of 42 U.S.C. § 1983. As a result of all court records

16   created in the Penfield Town Court being the property of the Town of Penfield pursuant to New

17   York State law, the Town of Penfield is a public body responsible for ensuring that such records

18   remain open to the public as required by the First Amendment of the United States Constitution,

19   N.Y. Jud. Law § 255, and N.Y. UJCA § 2019(a).

20       22.     Defendant Elyse Voigt is, and at all times relevant herein, a court clerk employed

21   by the Town of Penfield. At all relevant times, defendant Ms. Voigt was and is a person acting

22   under the color of state law for purposes of 42 U.S.C. § 1983. Relief is sought against defendant

23   Ms. Voigt in her official and individual capacities.

1          23.     Defendant Kerry Egerton is, and at all times relevant herein, a court clerk employed

2   by the Town of Penfield. At all relevant times, defendant Ms. Egerton was and is a person acting

3   under the color of state law for purposes of 42 U.S.C. § 1983. Relief is sought against defendant

4   Ms. Egerton in her official and individual capacities.

5   **V.    BACKGROUND**

6          24.     In June 2015, Mr. Arena conducted a public records search on himself and to his

7   surprise came across an outstanding Judgment for $250.00, dated January 07, 2007, and issued by

8   the Penfield Town Court. Mr. Arena was accused of minor traffic violations and other violations

9   as a youth, which were adjudicated in the Penfield Town Court. Mr. Arena's records indicate that

10   the accusations were disposed of through dismissal and sealed.

11         25.     Mr. Arena contacted the Penfield Town Court to inquire into the matter. In doing

12   so, Mr. Arena explained to the court clerk[1] that there is an outstanding judgment and asked if there

13   was a specific records request form the court preferred Mr. Arena to use in requesting the records

14   from the cases. The court clerk told Mr. Arena that they "didn't know" and would need to contact

15   Mr. Arena at a later time regarding his inquiry into *if there is a specific form the court preferred*

16   *him to use for a records request.*[2] Mr. Arena also asked for all case numbers, but was told that such

17   information could not be disclosed. Mr. Arena's records indicated a total of five matters

18   adjudicated before the Penfield Town Court and at the time, he possessed three of the case

19   numbers.

20         26.     Mr. Arena contacted the court clerk's office on a weekly basis for a month

21   regarding his inquiry into if there was a specific form the court preferred him to use when

---

[1] Between June 2015 and November 2015, Mr. Arena spoke directly with both defendants, Ms.
Voigt and Ms. Egerton interchangeably regarding all matters related to this complaint.
[2] The answer to this question should have been common knowledge to the court clerk.

1    submitting a records request and was continuously told by defendants Ms. Voigt and Ms. Egerton

2    that they would need to call him back because they "don't know" and are "busy."

3        27.    After a month of not receiving an answer to his simple question, on July 15, 2015,

4    Mr. Arena mailed a records request to the Penfield Town Court in compliance with N.Y. Jud law

5    § 255 (Exhibit A). The records request was sent via certified mail and signed for by defendant Ms.

6    Voigt.

7        28.    On July 15, 2015, Mr. Arena also conducted a Freedom of Information Law

8    ("FOIL") request on himself in New York. Within 30 days, Mr. Arena received exactly what he

9    had requested without incident.

10       29.    On August 03, 2015, Mr. Arena contacted the Penfield Town Court to inquire into

11   the costs of producing the records requested and if the cost needed to be paid in advance. The

12   conversation was anything but normal. Defendant Ms. Voigt demanded Mr. Arena pay $350.00

13   and that his records request was not sufficient because the payment was not made to the court yet

14   and the court had no way of knowing who was making the request. Mr. Arena followed up via

15   facsimile, which stated in part:

16           After my conversation with you today, there appears to be confusion as to
17       my rights to access and obtain public records under the law. Further, there appears
18       to be confusion as to your role in producing such records under the law.

19       (Mr. Arena then outlines the law, which is omitted here).

20           In light of this, and contrary to your comments, the judge should not play a
21       role in the production of such records and using the excuse that you "don't know"
22       and it is the "judge's court" are not viable excuses for failure to comply with one
23       of my most fundamental rights under the law. It is the "peoples court" and that is
24       what makes America great.

25           I simply contacted you to inquire into when I should receive notification of
26       the costs associated with my request and I was surprised by what I was told. I was
27       caught off guard by your stonewalling and demands for fees that it isn't clear that I
28       even owe and that seem to continue to grow each time I call the court. Further, I
29       offered to have my signature notarized after your comments that you didn't know

1    that I am who I say I am, yet you continued to say, "I don't know." This is
2    unacceptable and a notarized signature is sufficient indication under the law to
3    demonstrate that I am who I say I am.

4    30.    Mr. Arena received a letter dated August 04, 2015 (received on August 09, 2015)

5  from Mr. Lomenzo"). In part, the letter stated:

6    **Before I will consider your application** you need to appear before a notary
7    public.[3] . . . Normally we would have someone who appears at the **court clerk's**
8    **office** with a request such as yours provide proof to ensure that we know for certain
9    to whom we are releasing documents.[4] (emphasis added)

10    31.    On August 10, 2015, Mr. Arena had the records request that the court sent to Mr.

11  Arena notarized, which was identical to the records request dated July 15, 2015, and mailed it to

12  the Penfield Town Court (Exhibit B). The records request was sent via certified mail and signed

13  for by defendant Ms. Egerton. This was an undue burden placed upon Mr. Arena, as Mr. Arena's

14  initial request was a legal request for public records.

15    32.    On August 18, 2015, Mr. Arena received two telephone call from John Lomenzo

16  ("Mr. Lomenzo"), town court judge in the Town of Penfield.[5] Mr. Lomenzo demanded that Mr.

17  Arena send payment of $250.00 and that "in return" Mr. Arena would receive his records

18  requested. Although Mr. Arena was uncomfortable with paying anything prior to having the

19  opportunity to review all records, it was obvious that Mr. Arena's options were either (1) file suit

---

[3] A public records request is not an "application" before a judge, which would define it as a motion. A public records request can never be "considered." The records are either public and produced or statutorily non-public and a "no record found" letter is mailed instead.

[4] This establishes the existence of a policy and custom among the court clerks of violating the rights of individuals seeking access to court records. Public court records, of which anyone has a right to access, do not require the requestor to have their signature notarized, nor produce identification upon such a request. This is a deterrent and the records that were sent to Mr. Arena could be requested by anyone, as they are public record pursuant to New York law.

[5] Production of records pursuant to a public records request is a function of the court clerk and it does not require a motion upon the court. Therefore, it is completely unacceptable that Mr. Arena was contacted by Mr. Lomenzo to be questioned regarding his public records request.

1    for the release of the records or (2) pay the $250.00 in confidence that the court was telling the
2    truth about releasing all records after his payment.

3        33.    On August 18, 2015, Mr. Arena mailed a money order for $250.00 (Exhibit C). The
4    money order was sent via certified mail and signed for by defendant Ms. Voigt.

5        34.    On September 10, 2015, Mr. Arena received two Case History Reports and two
6    Information's (the equivalent to a Complaint). The Case History Reports are not official court
7    documents (they appear to be screen shots and are not signed or certified under the court seal).
8    Further, the Case History Reports do not state how the cases were disposed, other than there was
9    a fee.[6]

10       35.    Mr. Arena immediately contacted the Penfield Town Court and requested (1)
11   Certificates of Dispositions for all cases,[7] (2) transcripts for all cases, (3) all records for the two
12   cases that Mr. Arena received no records for, and (4) all other records, such as depositions, written
13   statements pursuant to CPL § 220.50 and CPL § 340.20, etc.

14       36.    Over the next two months, Mr. Arena would call the Penfield Town Court once a
15   week to follow up on his records request. Each time Mr. Arena contacted the court, Mr. Arena was
16   given excuses such as "we have trial this week" and even "you are not a priority." Mr. Arena was
17   told by both defendants that they would "get to it by next week," yet every week this never

---

[6] The manner in which a case is disposed of is extremely detrimental to a citizen's ability to either
seal their record under New York law or, alternatively, communicate the record to prospective
employers, for example. Mr. Arena is entitled to know exactly how the cases were disposed of.

[7] According to the New York State Unified Court System, a Certificate of Disposition is "an
official court document that indicates the current status of a case or its final disposition." The 6th
Judicial District of New York defines a Certificate of Disposition as "an official court document
affixed with the Court Seal that indicates the disposition of the case. A Certificate of Disposition
is signed by the court clerk and certified with the court seal. A Certificate of Disposition is
**required** to be filed with the state when sealing a record in New York State.

1    happened.

2         37.    On October 26, 2015, Mr. Arena was told for the first time that because of the date

3    of the tape recordings of the court proceedings, Mr. Arena would need to contact an outside

4    transcriber to transcribe the records. Mr. Arena was specifically told to contact Pamela Alexander

5    ("Ms. Alexander") because "she has the technology to transcribe the tapes that were used" for Mr.

6    Arena's cases. Mr. Arena was told by the court that he could only have two cases transcribed at a

7    time, so Mr. Arena chose the two that he most desired. Further, Mr. Arena was provided with the

8    remaining two case numbers, but told that he again needed to have another records request

9    notarized because one of the cases was sealed.[8] Mr. Arena was asked to state in the records request

10    that he gives the court permission to unseal the record to make copies of the record.

11         38.    On October 28, 2015, Mr. Arena mailed another notarized records request (Exhibit

12    D).

13         39.    Mr. Arena immediately contacted Ms. Alexander and provider her with all

14    information that she requested to complete the transcription of the court proceedings. She stated

15    that she communicated with the court via email and should have the tapes "within a few days."

16         40.    Mr. Arena continued to follow up with the defendants Ms. Voigt and Ms. Egerton

17    regarding the records request and providing Ms. Alexander with the tapes to be transcribed. On

18    November 12, 2015, Mr. Arena had a conversation with Ms. Voigt, who stated that she was going

19    to mail all records requested that day and would provide Ms. Alexander with the tapes by the end

20    of the day.

21         41.    Mr. Arena contacted Ms. Alexander on November 13, 2015 and Ms. Alexander

---

[8] These records were obviously requested in the initial request, which was notarized.

1    stated that she was "just at the court" and that the clerks said that she would have the tapes no later

2    than the following Monday, November 16, 2015. Mr. Arena contacted Ms. Voigt on November

3    18, 2015 to inquire into the status of the tapes, as Ms. Alexander had yet to be provided with them.

4    Mr. Arena was again given excuses and it further came to light that none of the documents that

5    Ms. Voigt stated were mailed on November 13, 2015 were actually mailed. Mr. Arena expressed

6    that this records request needed to come to an end and that nothing is actually being done, which

7    translates into Mr. Arena being denied access to his records. Ms. Voigt stated that she would mail

8    the documents and locate the tapes for Ms. Alexander on November 18, 2015.

9         42.    Instead of waiting another week, Mr. Arena contacted Ms. Voigt on November 19,

10   2015 to ensure that the records were actually mailed and to ensure that the tapes were going to be

11   provided to Ms. Alexander. Unfortunately, Ms. Voigt didn't like that Mr. Arena contacted her the

12   following day, as her normal routine of excuses wouldn't work. Instead, this time Mr. Arena was

13   told that he "needed to go before the judge" to say why he needed the records. Mr. Arena asked

14   why Ms. Voigt didn't simply mail the records and provide Ms. Alexander with the tapes, both as

15   required by law. Mr. Arena was hung up on.

16        43.    Mr. Arena immediately called the Penfield Town Court again, this time speaking

17   to Ms. Egerton. The conversation was as follows:

18        Ms. Egerton:  Penfield Town Court
19        Mr. Arena:     How are you doing, is this Elyse?
20        Ms. Egerton:  Nope, this is Kerry. Can I help you?
21        Mr. Arena:     Yes, Kerry, I'd like to speak to Elyse please.
22        Ms. Egerton:  Um, may I ask who's calling?
23        Mr. Arena:     Sure, my name is Angelo Arena.
24        Ms. Egerton:  Ok, Mr. Arena she already let you know that judge Lomenzo will...
25        Mr. Arena:     No, Mam, she just hung up on me.
26        Ms. Egerton:  **I know**.
27        Mr. Arena:     No, you don't hang up on people.
28        Ms. Egerton:  Mr. Angelo you are being really rude
29        Mr. Arena:     I'm being rude by asking for documents? (chuckling)

Complaint                              -11-                    Arena v. Town of Penfield, et al.

| | | |
|---|---|---|
| 1 | Ms. Egerton: | **If you continue to call us we will...** |
| 2 | Mr. Arena: | What are you going to do? |
| 3 | Ms. Egerton: | **We're are going to make other arrangements.** |
| 4 | Mr. Arena: | I would like to know exactly when I am going to receive my documents that |
| 5 | | I requested. |
| 6 | Ms. Egerton: | Judge Lomenzo will let you know. Do not call us back. He will call you. Is |
| 7 | | there an understanding? |
| 8 | Mr. Arena: | No, I have a right to call you and follow up. Okay, I have recorded |
| 9 | | conversation with all of these calls and now you are threatening me and you |
| 10 | | have no legal authority to threaten me. |
| 11 | Ms. Egerton: | What you are doing is being rude to us and **we don't have to put up with** |
| 12 | | **it**. |
| 13 | Mr. Arena: | No I am not; I am calling to follow up. |
| 14 | Ms. Egerton: | Do not call us back. Judge Lomenzo will call you. |
| 15 | Mr. Arena: | I am the only one here that is having their rights violated. (Ms. Egerton hung |
| 16 | | up while Mr. Arena was speaking). (emphasis assed) |

17       The issue is made clear here: defendants categorize a citizen requesting public records and

18   asking that defendants actually perform their duties under the law as "rude" and therefore, believe

19   they can silence Mr. Arena with threats and avoid ever fulfilling their duties under the law. This

20   conduct is grossly in violation of Mr. Arena's rights and a disease to the fundamental principles of

21   our Nation.

22       44.    Mr. Arena immediately contacted the Office of Court Administration in Albany,

23   New York. Mr. Arena was provided with the contact information for the Rochester office. After

24   contacting the office, Mr. Arena was contacted by Amy Monachino ("Ms. Monachino"), who

25   introduced herself as the town and village court liaison. Mr. Arena explained the simple situation

26   to Ms. Monachino and that he felt the court clerks were intentionally denying his right to have

27   access to the records through a series of excuse, which were nothing more than lies, through undue

28   burdens, and now through threats. Ms. Alexander made statements to Mr. Arena that included "the

29   court clerks know what you are requesting" and "they need to provide [Ms. Alexander] the tapes."

30       45.    Mr. Arena then received a voicemail from Mr. Lomenzo, which in part stated:

31       Both of my court clerks indicate that you have been been nasty on the phone. I'm
32       telling you right now, do not call the court clerks office for anything.... Under no

Complaint                                      -12-                        Arena v. Town of Penfield, et al.

1       circumstances are you to call my court clerks again.

2       Mr. Arena assumes this was defendants' version of "making other arrangements."

3   Defendants attempt to defame Mr. Arena's character as their version of "making other

4   arrangements" is nothing more than an attempt to silence Mr. Arena to deny him from gaining

5   access to his public records. It is highly inappropriate for a judge to leave a threatening voicemail

6   for anyone, let alone someone who is seeking court records. It should be noted that Mr. Lomenzo

7   was the town judge presiding over the matters that involved Mr. Arena as a youth. As a result of

8   Mr. Lomenzo's egregious actions, it is presumed that Mr. Lomenzo is hiding something. Mr. Arena

9   has done everything required of him by law and contacted the Office of Court Administration after

10  the court clerks hung up on him. The world would agree that Mr. Arena handled the situation as a

11  model citizen, while defendants and a *judge* (who Mr. Arena never contacted), were looking for a

12  fight and to exert power that they don't possess.

13      46.     On November 19, 2015, Mr. Arena wrote a letter to Mr. Lomenzo, which stated in

14  part:

15          I write to you today *in response* to the disturbing and unnecessary escalation
16  of abusive tactics by Elyse ... and Kerry, whom have all decided to aggressively
17  and angrily harass, abuse, threaten, and attempt to intimidate me as a result of my
18  desire to exercise my Constitutional rights. Further, their slander against my good
19  name is outrageous and must stop immediately. ...Your approach here is wholly
20  wrong. You should have called me to apologize for the inappropriate manner in
21  which I have been treated and for the unnecessary five-month delay. Instead, your
22  response was filled with anger and nothing shy of inappropriate. ...I have every
23  right to contact any court, including the Penfield Town Court, for a lawful purpose.
24  ...You see, I have done everything correct. I mailed multiple notarized letters as
25  requested. I contacted the transcription analyst as requested. ...
26
27          In closing, Mr. Lomenzo, let me be clear: Don't contact me again. You see,
28  I have no business with you. It is not "your court" and as the statute and subsequent
29  case law outlines, the duty is on the court clerk. I am not intimidated by a man that
30  find it self-fulfilling to abuse his power and be coercive to ones most fundamental
31  rights. And society will only shame the actions of you and Elyse. I was always
32  taught that to judge a man's character, give him power. The outcome here is
33  unfortunate, as you have chosen to abuse your power. ...

1

2       This is America. We are a nation of laws. You especially, nor anyone else,
3   will degrade my belief in this nor block me from enjoying all rights provided to me
4   under the U.S. Constitution and state law. The reason for your noncompliance with
5   the law is beyond me. I suppose you are hiding something. … This entire situation
6   is completely unacceptable on many levels.

7       47.     On November 23, 2015, Mr. Arena followed up with Ms. Alexander via letter,

8   which stated in part:

9       Thank you for your continued effort to assist in resolving what I believe is
10  a simple matter. To follow up from our conversation this afternoon, I'd prefer that
11  Mr. Lomenzo not contact me, as my experiences thus far guide my instincts to
12  believe that the Penfield Town Court is maliciously looking for an excuse not to
13  provide me with the requested documentation and I don't want to allow such
14  thoughts to be further entertained. Also, this is a function of a court clerk. … I don't
15  want to make myself vulnerable to an abuse of power and have this simple matter
16  become something that it isn't. I simply want the court to fulfill my records request,
17  which is clearly written, cognizable, and in accordance with New York State law.
18  Further, I have satisfied the requests of the court and mailed a total of three requests
19  for the same documents, two of which were notarized. It was no doubt a burden to
20  have me complete extra requests that are redundant. To then not fulfill them is
21  outrageous. There is something malicious occurring and I want to avoid any and all
22  interaction with the Penfield Town Court like the plague. … Again, I am willing to
23  pay for any and all costs with the production of such documents, as I indicated on
24  all records requests.

25      48.     On November 27, 2015, Mr. Arena received a letter from Mr. Lomenzo, which

26  stated in part:

27      Had you uttered the same words in your letter in open court before me I
28  would have had the power to and I would have, after demanding an apology and an
29  appropriate warning about the consequences of your refusal to do so, held you in
30  contempt of court and imposed either a fine or incarcerated you.

31  Mr. Arena's letter, of which he stands by every word of and most of which is transcribed

32  above, was rightly critical of the egregious and illegal manner in which he was being treated, yet

33  it was professional. In the tyrannical world that defendants and Mr. Lomenzo think America is a

34  part of, Mr. Arena is "rude" for following up on a records request and subject to "incarceration"

35  for defending himself after receiving an unsolicited telephone call and subsequent voicemail from

Complaint                              -14-                    Arena v. Town of Penfield, et al.

1    an elected official. Mr. Arena would have otherwise needed to remain silent after being attacked

2    on his personal telephone, which is such a dark governmental structure that the founding principles

3    of the United States of America destroyed at it creation centuries ago. The fact is that if **anyone**

4    calls a civilian's telephone, especially coming from a publically elected official, that civilian have

5    every right to respond, especially when threatened. Also, and most importantly, inherent in the

6    First Amendment of the United States Constitution, Mr. Arena has the right to petition government

7    for redress of grievances. This includes the right to make a complaint without fear of punishment

8    or reprisals. Mr. Lomenzo, has now reached deeper into the abyss of tyranny to threaten Mr. Arena

9    with incarceration. Defendants and Mr. Lomenzo thinks that they are running a dictatorship, but

10   they are not and their desire for power that they clearly do not possess is clearly void in the United

11   States of America. Also, Mr. Arena isn't in "open court." Mr. Arena has no business with the

12   Penfiled Town Court and although Mr. Lomenzo thinks he can interrogate people for requesting

13   public records and demand people to appear before him at his desire, his letter was completely

14   inappropriate, unnecessary, and only served the purpose to further threaten Mr. Arena and attempt

15   to intimidate Mr. Arena. This was clearly retaliation for Mr. Arena contacting the Office of Court

16   Administration. Further, defendants and Mr. Lomenzo should know that nobody is immune for

17   criminal prosecution. Such threats to intimidate Mr. Arena from realizing his Constitutionally

18   protected rights are in violation of New York Uniform Justice Court Act § 2019(a),[9] but more

19   importantly, defendants Ms. Voigt and Ms. Egerton, along with Mr. Lomenzo, are in violation of

---

[9] Any such justice who shall willfully fail to make and enter in such records and docket forthwith, the entries by this section required to be made or to exhibit such records and docket when reasonably required, or present his records and docket to the auditing board as herein required, shall be guilty of a misdemeanor and shall, upon conviction, in addition to the punishment provided by law for a misdemeanor, forfeit his office.

1    18 U.S.C. § 241, which states:

2        If two or more persons conspire to injure, oppress, threaten, or intimidate any
3        person in any State, Territory, Commonwealth, Possession, or District in the free
4        exercise or enjoyment of any right or privilege secured to him by the Constitution
5        or laws of the United States, or because of his having so exercised the same; or

6        If two or more persons go in disguise on the highway, or on the premises of another,
7        with in- tent to prevent or hinder his free exercise or enjoyment of any right or
8        privilege so secured—

9        They shall be fined under this title or imprisoned not more than ten years, or both;
10       and if death results from the acts committed in violation of this section or if such
11       acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an
12       attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined
13       under this title or imprisoned for any term of years or for life, or both, or may be
14       sentenced to death.

15       49.    On November 27, 2015, as a result of the clearly malicious desires of defendants

16   and Mr. Lomenzo, Mr. Arena, desiring not to make himself vulnerable to such abuses of power,

17   advised Ms. Monachino and the Penfield Town Court via letter that Mr. Arena would be ceasing

18   all communication them. The letter stated in part:

19              Again, and to clarify with exact certainty, if I do not receive the records and
20       certificates of dispositions requested on or before December 19, 2015 and if Ms.
21       Alexander is not provided with all tapes on or before December 19, 2015, I will
22       immediately commence suit in Federal Court. ... Also, I am in receipt of John
23       Lomenzo's letter dated November 21, 2015, which is inappropriate to say the least.
24       I will not even acknowledge such unfortunate desires on behalf of an elected
25       official, but if it continues, I will contact the FBI. John Lomenzo is engaged in the
26       most egregious abuses of power to attempt to prevent me from receiving my
27       records. ... I am a law abiding citizen and Mr. Voigt and Ms. Egerton are the only
28       parties violating any law. ... John Lomenzo should be immediately and indefinitely
29       censored by the State of New York for his illegal and egregious conduct.

30       50.    On December 08, 2015, after following up with Mr. Alexander to inquire if she had

31   received the tapes, Ms. Alexander informed Mr. Arena that the court clerks told her that the tapes

32   don't exist. This was shocking, as the court clerks specifically told Mr. Arena to contact Mr.

33   Alexander on October 28, 2015 (over a month prior) because she had the technology for the tapes

34   of Mr. Arena's cases.

1    51.    On December 08, 2015, Mr. Arena advised Ms. Monachino and the Penfield Town

2    Court via facsimile that, pursuant to N.Y. Jud law § 255, if the position of the court clerks is that

3    the records now "do not exist," the court clerk needed to certify in written format that such records

4    do not exist.[10] Mr. Arena never received any records or certification that such records do not exist.

5    52.    Denying access to public records is a promulgated policy on behalf of the court

6    clerks. There is clearly a policy and custom, considering all court clerks participate in the egregious

7    denial of access to public records. The Town of Penfield has utterly failed to train, supervise, and

8    adequately screen their employees. The Town of Penfield, the public body that is in legal

9    possession of the court records (See New York Uniform Justice Court Act § 2019(a)), had a duty

10   to create policies for records requests in accordance with federal and state law, but utterly failed

11   to do so, which only created the current circumstances.

12   53.    Mr. Arena maintains in his possession audio recordings of telephone conversations

13   and voicemails. Mr. Arena maintains in his possession the written documents sent and received.

14   54.    Mr. Arena has come to realize that a few of these court matters are appearing on

15   background checks, which is alarming, as the cases were supposed to be dismissed and sealed.

16   Although this isn't a question for this Court, it presents the severity of defendants malicious actions

17   in denying Mr. Arena access to all records so that he can better understand what is occurring and

18   freely express himself in pursuit of justice. For example, if these cases were not actually dismissed,

19   which appears to be the case considering some are appearing in background checks (they obviously

20   weren't sealed), Mr. Arena intends to file a Motion to Vacate pursuant to N.Y. C.P.L. § 440. This

21   is not possible without the records requested and, coupled with defendants' illegal threats to deny

---

[10] Certification that no transcripts exist is critical evidentiary purposes, if not more important than the actual transcripts in the black hole that exists here. N.Y. Jud law § 255 requires a court clerk certify if records do not exist for evidentiary purposes, among other reasons.

1   Mr. Arena access to the Penfield Town Court, deny Mr. Arena access to justice. Mr. Arena is

2   entitled to access to the Penfield Town Court without the threat of malicious prosecution.

3       55.    Consistent with the United States Constitution and New York State law, Mr. Arena

4   desired to have the records requested mailed to him after making his first request. The fulfillment

5   of records requests is not optional, nor can a request be arbitrarily "considered." It is an undeniable

6   right to all citizens and the core of what makes our democracy transparent in the pursuit of a more

7   perfect union. Attempts on behalf of public officials to intimidate and threaten citizens is a disease

8   to the very foundation of the United States and corruption must be rooted out in our pursuit of a

9   more perfect union. History has never treated tyrants with any respect or honor, nor will history

10   ever do so. Such tyrants are always shunned upon. Yet, the people that protect and expand the

11   rights of the defenseless are always looked upon honorably and such people are the ones that have

12   guided us as a people to the freedoms that we possess today and are the ones that are going to

13   secure our freedoms for years to come. Such people look tyrants square on and always choose

14   freedom over giving in to the threats, no matter what the cost. Such honorable people, not the

15   tyrants, built this very country and secured the very freedoms we enjoy today.

16       56.    The circumstances outlined herein have caused great agony for Mr. Arena.

17  **VI.**   **CLAIMS FOR RELIEF**

18     **A.**    **Violation of the First Amendment to the United States Constitution**

19       57.    Plaintiff incorporates the allegations contained in paragraphs 1 - 56 above.

20       58.    By denying Mr. Arena access to public records and the ability to petition the

21   Penfield Town Court for redress of grievances without threats, defendants have illegally destroyed

22   Mr. Arena's ability to freely express himself, which includes seeking justice, and have violated

23   Mr. Arena's right to free speech, which includes seeking justice.

**B.      Violation of the Fourteenth Amendment to the United States Constitution**

59.     Plaintiff incorporates the allegations contained in paragraphs 1 - 56 above.

60.     Defendants threats against Mr. and the subsequent threat from Mr. Lomenzo creates a high right of the erroneous deprivation of rights and although such threats is unconstitutional on it face, by making such threats, defendants have deprived Mr. Arena of a meaningful opportunity to be heard, whereby the defendants have contravened the Fourteenth Amendment's guarantee of procedural due process.

**C.      Violation of Access to Public Records**

61.     Plaintiff incorporates the allegations contained in paragraphs 1 - 56 above.

62.     The defendants' failure to release Mr. Arena's own public records absent an applicable exemption (to be clear, no exemptions exist for one's request of their own personal records) has violated New York Judiciary Law § 255 and New York Uniform Justice Court Act § 2019(a).

**VII.   PRAYER FOR RELIEF**

WHEREFORE, plaintiff Angelo Arena prays for relief against defendants as follows:

A.     Declare that the defendants have violated Mr. Arena's First and Fourteenth Amendment rights;

B.     Declare that the illegal threats made against Mr. Arena by defendants are a nullity and that Mr. Arena can contact the Penfield Town Court without threats of malicious prosecution.

C.     Enjoin the defendants from denying Mr. Arena access to any and all aspects of the Penfield Town Court that are permissible by law.

D.     Enjoin the defendants from making any further threats against Mr. Arena.

E.     Enjoin the defendants from continuing to withhold the information requested by

1    Mr. Arena and mandate defendants to promptly make a copy of any and all records and Certificates

2    of Disposition requested by Mr. Arena and mail the said records and Certificates of Disposition to

3    Mr. Arena via certified mail. Alternatively, if such records "do not exist," mandate defendants to

4    certify that such records do not exist and mail to the Mr. Arena such certification via certified mail.

5    F.    Order the defendants to pay compensatory damages to Mr. Arena resulting from

6    defendants' unlawful behavior in an amount that this Court deems just and proper, but for no less

7    than \$250,000.00.

8    G.    Order the defendants to reimburse Mr. Arena the costs of prosecuting this action.

9    H.    Order all other relief that this Court deems just and proper.

10

11    Dated: December 19, 2015        Respectfully submitted,

12

13

14                         ANGELO ARENA

15                         Address:    PO Box 3800

16                                          Jersey City, New Jersey 07303

17                         Telephone:  201.744.5335

# EXHIBIT A

Date: July 21, 2015

Angelo Arena:

The following is in response to your July 21, 2015 request for delivery information on
your Certified Mail™/RRE item number 9502800008515196000375.  The delivery record
shows that this item was delivered on July 20, 2015 at 10:34 am in PENFIELD, NY
14526. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Angelo Arena
PO Box 3800, Jersey City, New Jersey 07303

July 15, 2015

**VIA CERTIFIED MAIL**

Court's Clerk
Penfield Town Court
1985 Baird Road
Penfield, New York 14526

Re: Request Pursuant to N.Y. JUD. LAW § 255.

Dear Court's Clerk:

I am hereby making a public records request for the following documents:

1. Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for case number ▮▮▮▮▮▮▮▮

2. Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for case number ▮▮▮▮▮▮▮▮

3. Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for case number ▮▮▮▮▮▮▮▮

4. Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for any other case involving Angelo Arena, Date of Birth: ▮▮▮▮▮▮▮▮

5. Certified copy of the Certificate of Disposition for case number ▮▮▮▮▮▮▮

6. Certified copy of the Certificate of Disposition for case number ▮▮▮▮▮▮▮

7. Certified copy of the Certificate of Disposition for case number ▮▮▮▮▮▮▮

8. Certified copy of the Certificate of Disposition for any other case(s) involving Angelo Arena, Date of Birth: ▮▮▮▮▮▮▮

If there are any costs for copying these records, please contact me with the costs and I will immediately reimburse you.

Thank you for your courtesy and cooperation.

Sincerely,

Angelo Arena

# EXHIBIT B

Date: August 12, 2015

Angelo Arena:

The following is in response to your August 12, 2015 request for delivery information on
your Certified Mail™/RRE item number 9502800008515222000249.  The delivery record
shows that this item was delivered on August 12, 2015 at 12:50 pm in PENFIELD, NY
14526. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Angelo Arena
PO Box 3800, Jersey City, New Jersey 07303

August __/0___, 2015

Penfield Town Court                                    **VIA CERTIFIED MAIL**
1985 Baird Road
Penfield, New York 14526

Re: Request Pursuant to N.Y. Judiciary Law, section 255

Dear Court Clerk:

I am hereby making a public records request for the following documents:

1.    Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for cases numbered

2.    Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for any other case involving Angelo Arena, date of birth

3.    Certified copies of the Certificates of Disposition or Certificates of Conviction for cases numbered

4.    Certified copies of the Certificates of Disposition or Certificates of Conviction for any other cases involving Angelo Arena, date of birth

If there are any costs for copying these records, please contact me with the costs and I will immediately reimburse you.

Thank you for your courtesy and cooperation.

Sincerely,

Angelo Arena

STATE OF NEW JERSEY)
COUNTY OF __+h.dSc/\____): SS

On August __/0___, 2015 before me, the undersigned, personally appeared Angelo Arena, personally known to me or proved to me on the basis of satisfactory evidence, **INCLUDING A PHOTO ID DRIVER'S LICENSE OR OTHER POSITIVE IDENTIFICATION**, to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

Stephanie Burgos
Notary Public

STEPHANIE A BURGOS
Notary Public
State of New Jersey
My Commission Expires Nov 5, 2015

# EXHIBIT C

Date: August 20, 2015

Angelo Arena:

The following is in response to your August 20, 2015 request for delivery information on your Certified Mail™/RRE item number 9502800008515230000224.  The delivery record shows that this item was delivered on August 20, 2015 at 10:26 am in PENFIELD, NY 14526. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



**UNITED STATES POSTAL SERVICE ®**

# CUSTOMER'S RECEIPT

| E BACK OF THIS RECEIPT OR IMPORTANT CLAIM INFORMATION | Pay to | PENFIELD TOWN COURT | | | KEEP THIS RECEIPT FOR YOUR RECORDS |
|---|---|---|---|---|---|
| NOT NEGOTIABLE | Address | 1985 BAIRD ROAD | | | |
| | | PENFIELD, NEW YORK 14526 | | | |
| Serial Number | | Year, Month, Day | Post Office | Amount | Clerk |
| 22784166246 | | 2015-08-18 | 073030 | $250.00 | 0004 |

**UNITED STATES POSTAL SERVICE ®**

## POSTAL MONEY ORDER

| Serial Number | Year, Month, Day | Post Office | U.S. Dollars and Cents |
|---|---|---|---|
| 22784166246 | 2015-08-18 | 073030 | $250.00 |

Amount    TWO HUNDRED FIFTY DOLLARS & 00¢    **************

Clerk
0004

y to   PENFIELD TOWN COURT

dress   1985 BAIRD ROAD           From   ANGELO ARENA

PENFIELD, NEW YORK 14526.        Address   PO BOX 3800

mo   SATISFACTION OF JUDGMENT         JERSEY CITY, NEW JERSEY 07305

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆00000800 2⑈      22784166246⑆

# EXHIBIT D

# ≥USPS.COM

# USPS Tracking®

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: **9505500008515301000159**

On Time
Expected Delivery Day: **Friday, October 30, 2015**

## Product & Tracking Information

### Available Actions

| Postal Product: | Features: | | |
|---|---|---|---|
| Priority Mail 2-Day™ | USPS Tracking™ | Up to $50 insurance included Restrictions Apply | Text Updates |
| | | | Email Updates |

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 30, 2015 , 3:25 pm | Delivered, In/At Mailbox | PENFIELD, NY 14526 |

Your item was delivered in or at the mailbox at 3:25 pm on October 30, 2015 in PENFIELD, NY 14526.

| | | |
|---|---|---|
| October 30, 2015 , 8:29 am | Out for Delivery | PENFIELD, NY 14526 |
| October 30, 2015 , 6:57 am | Arrived at Post Office | PENFIELD, NY 14526 |
| October 29, 2015 , 7:15 pm | Arrived at USPS Facility | ROCHESTER, NY 14692 |
| October 29, 2015 , 6:42 pm | Departed USPS Facility | ROCHESTER, NY 14606 |
| October 29, 2015 , 10:51 am | Arrived at USPS Destination Facility | ROCHESTER, NY 14606 |
| October 28, 2015 , 11:45 pm | Arrived at USPS Origin Facility | KEARNY, NJ 07032 |
| October 28, 2015 , 4:31 pm | Acceptance (SSK) | JERSEY CITY, NJ 07302 |

## Track Another Package

**Tracking (or receipt) number**

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.



**Sign up for My USPS ›**

Writer's direct phone
201.744.5335

October 28, 2015

Penfield Town Court
Attn: Judge Lomenzo's Court Clerk
1985 Baird Road
Penfield, New York 14526

Re: Records request

Dear Clerk of Court:

I am hereby making a public records request for the following documents:

1. Any and all court records, including, but not limited to, police records and
transcripts of court proceedings, for case number ▮▮▮▮▮▮▮ I grant permission
to temporarily unseal the foregoing records for the sole purpose of making copies
to satisfy this records request. This grant is only valid for one time and
expires indefinitely on November 30, 2015.

2. Any and all court records, including, but not limited to, police records and
transcripts of court proceedings, for case number ▮▮▮▮▮

3. A certified copy of the Certificate of Disposition for case number ▮▮▮▮▮ I
grant permission to temporarily unseal the foregoing records for the sole purpose
of making copies to satisfy this records request. This grant is only valid for
one time and expires indefinitely on November 30, 2015.

4. A certified copy of the Certificate of Disposition for case number ▮▮▮▮▮

If there are any costs for copying these records, please contact me with the
costs and I will immediately reimburse you.

Thank you for your courtesy and cooperation.

Sincerely,

Angelo Arena

TIA N HARRINGTON
Notary Public
State of New Jersey
My Commission Expires Mar 5, 2018

STATE OF NEW JERSEY)
COUNTY OF $\text{ESSEX}$  ): SS

On October 28th, 2015 before me, the undersigned, personally appeared Angelo
Arena, personally known to me or proved to me on the basis of satisfactory evidence,
INCLUDING A PHOTO ID DRIVER'S LICENSE OR OTHER POSITIVE IDENTIFICATION, to be the
individual whose name is subscribed to the within instrument and acknowledged to
me that he executed the same in his capacity, and that by his signature on the
instrument, the individual executed the instrument.

Notary Public